**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

DAVID M. GABLE
EVA GABLE

Case No. 06-32820

Debtors

**MEMORANDUM ON OBJECTION TO CONFIRMATION
FILED BY AMERICREDIT FINANCIAL SERVICES**

**APPEARANCES:**   LAW OFFICES OF MAYER & NEWTON
  Richard M. Mayer, Esq.
  John P. Newton, Jr., Esq.
  1111 Northshore Drive
  Suite S-570
  Knoxville, Tennessee  37919
  Attorneys for Debtors

  HALE DEWEY & KNIGHT, PLLC
   Holly N. Knight, Esq.
   Christopher M. Kerney, Esq.
   424 Church Street
   Suite 1505
   Nashville, Tennessee  37219
   Attorneys for AmeriCredit Financial Services

  GWENDOLYN M. KERNEY, ESQ.
   Post Office Box 228
   Knoxville, Tennessee  37901-0227
   Chapter 13 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection to Confirmation of Plan and Plan Terms Filed by AmeriCredit Financial Services (Objection to Confirmation) filed on January 5, 2007, by AmeriCredit Financial Services (AmeriCredit). The court held a preliminary hearing on the Objection to Confirmation on January 31, 2007, at which time the parties agreed that the matter should be decided on stipulations and briefs. The parties filed Joint Stipulations of Facts on February 14, 2007. The Debtors filed their Brief in Support of Confirmation on February 16, 2007, and the Memorandum of Facts and Law in Support of Objection to Confirmation by AmeriCredit Financial Services was filed by AmeriCredit on March 2, 2007.[1] Because the identical issues raised by AmeriCredit in the present case were decided by the court in two prior cases, *In Re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006), and more recently, in *In re Steakley*, ___ B.R. ___, 2007 WL 259570 (Bankr. E.D. Tenn. Jan. 17, 2007), the Objection to Confirmation will be overruled.

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on November 28, 2006. AmeriCredit is a secured creditor of the Debtors holding a $9,415.12 claim secured by a 1999 Toyota RAV4 (Toyota). The Debtors' Chapter 13 Plan (Plan) proposes bi-weekly payments of $108.00 for 60 months, plus payment of all tax refunds in excess of $1,500.00, resulting in a projected dividend of 71-100% to nonpriority unsecured creditors. With respect to AmeriCredit's claim, the Plan proposes to surrender the Toyota "in full satisfaction" of the debt with "[n]o deficiency claim allowed."

---

[1] The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of all material and undisputed facts of record in the Debtors' bankruptcy case.

Pursuant to the February 2, 2007 scheduling Order, the sole issue the court is called upon the resolve is "[w]hether 11 U.S.C. § 1325(a)(5) (2005) allows the Debtors to surrender AmeriCredit Financial Services' collateral, a 1999 Toyota R[AV]4, 'in full satisfaction of debt.'"

Section § 1325(a) provides, in material part:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

> . . . .
>
> (5) with respect to each allowed secured claim provided for by the plan—
>
>> (A) the holder of such claim has accepted the plan;
>>
>> (B)(i) the plan provides that—
>>
>>> (I) the holder of such claim retain the lien securing such claim until the earlier of—
>>>
>>>> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>>
>>>> (bb) discharge under section 1328; and
>>>
>>> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>>
>> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>>
>> (iii) if—
>>
>>> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

>> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
> (C) the debtor surrenders the property securing such claim to such holder;
>
> . . . .
>
> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period[2]] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing[.]

11 U.S.C. § 1325(a) (2005).

In *Ezell*, the court determined that 11 U.S.C. § 1325(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) when the provisions of the alphanumeric paragraph located at the end of § 1325(a) are met. Accordingly, under this "Anti-Cramdown Provision," once the requirements therein are met, debtors wishing to retain collateral under § 1325(a)(5)(B) must pay the full amount of the secured claim, and debtors wishing to surrender collateral under § 1325(a)(5)(C) do so in full satisfaction of the debt. *Ezell*, 338 B.R. at 340. In *Steakley*, the court expanded upon *Ezell*, holding that the Bankruptcy Code preempts state law with respect to modification of creditors' rights, and that § 1325(a)(5)(C), in conjunction with other provisions of the Bankruptcy Code, including the Anti-Cramdown Provision, leaves no avenue for

---

[2] The court supplies this word which was presumably inadvertently omitted by the drafters of the statute.

a creditor to properly claim a deficiency balance under state law or the Uniform Commercial Code. *Steakley*, 2007 WL 259570, at *6.

All of the applicable requirements set forth in the Anti-Cramdown Provision apply in this case. The Debtors purchased the Toyota, a motor vehicle acquired for their personal use, on December 8, 2004, within the 910-day period set forth in the statute, and the Retail Installment Contract executed by the Debtors grants AmeriCredit a purchase money security interest in the Toyota to secure the debt that is the subject of its claim. Accordingly, based upon the *Ezell* and *Steakley* decisions, which are controlling before this court on this issue, § 506(a) does not apply to AmeriCredit's secured claim, the Anti-Cramdown Provision solidifies its position as a fully secured creditor of the Debtors without regard to whether the proposed treatment is retention or surrender, and there is no avenue by which AmeriCredit may bifurcate its fully secured claim and file a deficiency claim. AmeriCredit's Objection to Confirmation shall be overruled, and the Debtors' Plan will be confirmed by a separate order.

FILED: March 5, 2007

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE