IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

                                                    Case No.  06-32820

DAVID M. GABLE
EVA GABLE

                    Debtors

## MEMORANDUM ON OBJECTION BY
## CHAPTER 13 TRUSTEE TO PROOFS OF CLAIM
## FILED BY AMERICREDIT FINANCIAL SERVICES, INC.

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
                              John P. Newton, Jr., Esq.
                              1111 Northshore Drive
                              Suite S-570
                              Knoxville, Tennessee  37919
                              Attorney for Debtors

                              HALE DEWEY & KNIGHT, PLLC
                              Holly N. Knight, Esq.
                              Christopher M. Kerney, Esq.
                              424 Church Street
                              Suite 1505
                              Nashville, Tennessee  37219
                              STONE & HINDS, P.C.
                              Steven D. Lipsey, Esq.
                              507 Gay Street, S.W., Suite 700
                              Knoxville, Tennessee  37902
                              Attorneys for AmeriCredit Financial Services, Inc.

                              GWENDOLYN M. KERNEY, ESQ.
                              Post Office Box 228
                              Knoxville, Tennessee  37901-0227
                              Chapter 13 Trustee


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on November 28, 2006. AmeriCredit Financial Services, Inc. (AmeriCredit), is a secured creditor of the Debtors by virtue of a Retail Installment Contract dated December 8, 2004, granting it a purchase money security interest in the Debtors' 1999 Toyota RAV 4 (Toyota). On December 11, 2006, AmeriCredit filed a secured claim in the amount of $9,336.46. The Debtors' Chapter 13 Plan, which was confirmed by an Order Confirming Chapter 13 Plan (Confirmed Plan) entered on May 4, 2007, over the objection of AmeriCredit, provides for the surrender of the Toyota "in full satisfaction" of the debt. On April 2, 2007, AmeriCredit filed an unsecured deficiency claim in the amount of $3,623.10.[1]

On August 16, 2007, the Chapter 13 Trustee filed the Objection By Chapter 13 Trustee to Proof of Claim Filed By AmeriCredit (Objection to Claim), asking the court to disallow AmeriCredit's claims in their entirety because the Confirmed Plan provides for the surrender of the Toyota "in full satisfaction" of the Debtors' obligation to AmeriCredit. AmeriCredit filed its Response to Trustee's Objection to Proof of Claim Filed By AmeriCredit Financial Services on August 30, 2007, and the Objection to Claim was scheduled for hearing on September 19, 2007. At the hearing, the court summarily sustained the Trustee's Objection to Claim from the bench. This memorandum will formalize the court's ruling.

The court made its ruling based upon the *res judicata* effect of the Confirmed Plan. *See* 11 U.S.C. § 1327(a) (2005) ("The provisions of a confirmed plan bind the debtor and each creditor, . . .

---

[1] Pursuant to an Order entered on January 22, 2007, AmeriCredit was granted relief from the automatic stay to allow it to enforce its security interest in the Toyota.

whether or not such creditor has objected to, has accepted, or has rejected the plan."); *Salt Creek Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004) ("An order confirming a Chapter 13 plan is *res judicata* as to all justi[c]iable issues which were or could have been decided at the confirmation hearing.") (citations omitted).

In its March 5, 2007 Memorandum on Objection to Confirmation of Plan Filed By AmeriCredit Financial Services and corresponding Order, the court overruled AmeriCredit's Objection to Confirmation of Plan and Plan Terns Filed By AmeriCredit Financial Services on January 5, 2007, on the basis that 11 U.S.C. § 1325(a) (2005), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) into secured and unsecured components when the provisions of the "hanging paragraph" located at the end of § 1325(a) are satisfied, with the result that debtors wishing to surrender collateral falling within that limitation may do so under 11 U.S.C. § 1325(a)(5)(C) in full satisfaction of the debt owed. While AmeriCredit has appealed both the March 5, 2007 Order overruling its Objection to Confirmation and the May 4, 2007 Confirmed Plan, the effect of these Orders has not been stayed pending appeal. Thus, the Order overruling AmeriCredit's Objection to Confirmation of Plan and Plan Terms and the Confirmed Plan constitutes the law of the case notwithstanding the appeals. *See In re Davis*, 160 B.R. 577, 580 (Bankr. E.D. Tenn. 1993) (holding that the "consequences of failing to obtain a stay [pending appeal] is that the prevailing party may treat the judgment of the bankruptcy court as final, notwithstanding that an appeal is pending.") (citations omitted). For these reasons, the Chapter 13 Trustee's Objection will be sustained, and AmeriCredit's claims will be disallowed.

An appropriate order will be entered.

FILED:  September 21, 2007

>BY THE COURT
>
>*/s/  RICHARD STAIR, JR.*
>
>RICHARD STAIR, JR.
>UNITED STATES BANKRUPTCY JUDGE